*232 The opinion of the Court was delivered bj
WITHERS, J.
It has been heretofore adjudged in this cause that Commander might be duly authorized by parol, as the agent of the defendant, to fill up a penal’bond, signed by him as surety of Commander, with the date and the name of the obligee — being blank in those particulars when it was signed— and to deliver the same. Upon the last trial below the defence urged, that before these acts by Commander, his authority, as above defined, had been revoked; and the Circuit Court held that this being proved, it would operate a good defence, provided the fact of such revocation had been brought home or communicated to the plaintiff. The question presented is whether it was proper to qualify the question of authority revoked with the qualification of notice to the plaintiff.
We think such charge to the jury was erroneous. The paper in question is not one of the instruments which enter into the currency of commerce. The right of Commander to make it complete and negotiate it by delivery to a third person, as a binding obligation upon Read, depends upon the authority derived from Read for that end, express or implied. Gourdin’s title rests upon the fact of the existing power of Commander at the time he inserted his name as obligee and delivered it, to do that as the act of Read — and the principle would be the same as if the amount in penalty or condition had been left blank, and filled up. The plaintiff judged of the creation and continued existence of Commander’s authority from the circumstances before him. He also took the risk of its revocation from a view of the same circumstances. Whether he had notice of its revocation does not affect the question; yet for any thing we can know this may have been the pivot upon which the case turned with the jury. As matter of right, therefore, the case must be tried again, that the jury may enquire whether Commander was authorized by Read, expressly or by proper implication, to treat the bond, the subject of this action, as he *233 bas done — and if so, whether he revoked that authority, before the transaction on the part of Commander and the plaintiff.
New trial ordered.
Wardlaw and WhitNBR, JJ., concurred.
Glover, J. I dissent.
hfToNRO, J., having been of Counsel gave no opinion.

Motion granted.